IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>   Plaintiff,   )<br>  )<br>v.   )<br>  )<br>MARK E. MILLER,   )<br>  )<br>   Defendant.   ) | Case No. 17-30041 |

## OPINION

RICHARD MILLS, United States District Judge:

Mark E. Miller moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## I. BACKGROUND

In March 2018, the Court sentenced Defendant Mark E. Miller to 100 months' imprisonment for seeking and receiving bribes as an employee of the U.S. Army Corps of Engineers stationed in Afghanistan. In sentencing Miller below the 121 to 151 month guideline range, the Court cited several factors, including Miller's Post Traumatic Stress Disorder ("PTSD") diagnosis and the struggles Miller experienced as a result of that diagnosis.

The Defendant's motion states that Miller continues to suffer from PTSD. In August 2019, Miller was seen by BOP medical personnel. The BOP physician noted

1

Miller's posture was "tense, "restless," his affect was "Anxious, Depression," his mood was "Sadness, Anxiety," his thought content was "Anxious," and Miller was exhibiting "Acute Symptoms of Psychiatric Disorder." Miller reported he could not sleep, he was having intrusive memories of Afghanistan, was having nightmares and awakening feeling fatigued, and having distressing thoughts and difficulty concentrating. The BOP doctor described Miller's general psychiatric state as: "Mood Impaired, Mood-Down, Mood-Erratic, Anxiety-Moderate, Sleep-Decreased, Nightmares, Energy-Decreased, Concentration-Decreased, Appears Down, Paranoid/Guarded/Suspicious, Restless/Fidgety."

The motion provides that during the appointment, it was agreed that Miller's Zoloft dose would be increased and he would be started on Mirtazapine to treat his anxiety and depression. According to www.webmd.com, one of the side effects of Mirtazapine is weight gain. Zoloft's website indicates that a side effect of Zoloft is feeling tired or fatigued.

At the time of the PSR in October 2017, Miller's height was listed as 6'2" and weight at 215 pounds. During a medical exam conducted in April 2020, Miller's weight was noted to be 240 pounds, which places his Body Mass Index ("BMI") at 30.8. At that time, Miller continued to take Zoloft (Sertraline) and Mirtazapine, along with Tamsulosin, to treat an inflamed prostate, Atorvastatin to treat high cholesterol, and Acetaminophen to treat an acute upper respiratory infection.

Obesity (BMI of 30 or higher) can make individuals more likely to get severely ill from COVID-19. "The risk of severe COVID-19 illness increases sharply with elevated BMI." www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 2, 2021).

The BOP website reports Miller, who is 52-years old, is housed at Ashland FCI. At the time of Miller's motion, he was housed at FCI Big Spring in Texas, which was then experiencing a major COVID-19 outbreak. Based on the number of inmate deaths and inmates and BOP employees who have recovered from COVID-19, Ashland FCI has previously experienced a significant outbreak or multiple outbreaks. However, there are currently no positive COVID-19 cases among inmates at Ashland FCI and only one among BOP staff at the facility. www.bop.gov/coronavirus (last visited December 6, 2021).

## II. DISCUSSION

### (A)

Under the First Step Act, signed into law on December 21, 2018, defendants may file motions for compassionate release after first exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary and compelling" reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]." *See* 18 U.S.C. § 3582(c)(1)(A). If properly invoked by the Government, the exhaustion requirement must be enforced. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

Although the facility where Miller was formerly housed (FCI Big Spring) was unable to locate Miller's compassionate release request to his Warden, Miller claims that he has met the statutory exhaustion requirement of § 3582(c)(1)(A).

The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the sentencing factors of 18 U.S.C. § 3553(a) when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

Because the Sentencing Guideline policy statement has not been updated since passage of the First Step Act to reflect that defendants (and not only the BOP) may move for compassionate release, there is no "applicable" policy statement concerning the expanded compassionate-release provision. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)." *Id*. Until U.S.S.G. § 1B1.13 is amended,

there is not an "applicable" policy statement for courts to rely on in considering prisoner-initiated applications for compassionate release. *See id.* at 1181. The Court also is not bound by BOP's Compassionate Release/Reduction in Sentence Procedures under Section 571.61(3), which limits BOP's reduction in sentence consideration to "inmates who have been diagnosed with a terminal, incurable disease whose life expectancy is eighteen (18) months or less, and/or has a disease or condition with an end-of-life trajectory under 18 U.S.C. § 3582(d)(1)."

(B)

Since Miller's motion was fully briefed, COVID-19 vaccines have become readily available in federal prisons. The BOP has received 293,414 doses and administered 262,650 doses of the COVID-19 vaccine. www.bop.gov/coronavirus (last accessed December 6, 2021). The Government reports that in June 2021, Miller refused to receive the Moderna vaccine. In August 2021, Miller refused to receive the Pfizer-BioNTech vaccine.

The widespread availability of vaccines for COVID-19 within the Bureau of Prisons likely "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-

incurred." *Id*. Moreover, "vaccines provide a much better defense against infection than any judicial order could do." *United States v. Ugbah*, 4F.4th 595, 597 (7th Cir. 2021).

Miller has not shown that the existence of COVID-19 when combined with his medical conditions constitute "extraordinary and compelling" reasons justifying his immediate release. Given the improved conditions at FCI Ashland and the fact that Miller has twice refused to receive the COVID-19 vaccine, the Court concludes that compassionate release is not warranted.

Ergo, Defendant Mark E. Miller's Motion for Compassionate Release [d/e 59] is DENIED.

The Clerk will terminate Defendant Mark E. Miller's *Pro Se* Motion for Compassionate Release [d/e 55].

ENTER: December 6, 2021

    FOR THE COURT:

                      /s/ *Richard Mills*
                      Richard Mills
                      United States District Judge